**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| Juana Naud, | ) | |
|     Plaintiff, | ) | Case No: 09 cv 50074 |
| | ) | |
| v. | ) | |
| | ) | Judge: Iain D. Johnston |
| City of Rockford, | ) | |
|     Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

      This matter comes before the Court on the parties' Joint Motion to Reconsider Magistrate Johnston's Order Dated August 1, 2013 [63]. For the reasons set forth below, the Court grants the motion in part and denies it in part. All fact discovery remains closed and the dispositive motion date will not be extended. Parties are to prepare the final pretrial order consistent with the Court's ruling on August 1, 2013. The final pretrial order is due on or before August 27, 2013. No extensions will be granted. Given Plaintiff's counsel's bench trial set for August 29, 2013, the final pretrial conference scheduled on the same date is stricken. The parties will confer and select a mutually agreeable date for the final pretrial conference to occur on or before September 30, 2013. The parties will contact the Court's operation specialist by August 23, 2013 to confirm the Court's availability on their selected date and to reschedule the final pretrial conference. The presentment date set before Judge Johnston on 8/20/2013 at 10:00 AM is stricken. No appearances are needed on 8/20/2013.

**BACKGROUND**

      This is an old case that has suffered from a change of plaintiff's counsel, multiple unreasonable delays in discovery, and numerous extensions of discovery deadlines. Thirteen discovery deadline extensions, two status hearings before this Court, and one half-hearted attempt at settlement later, the parties filed their Joint Motion to Reconsider seeking 1) to reopen discovery so that plaintiff can conduct one additional deposition, 2) to reset the dispositive motion deadline to some unspecified date, presumably in the not-so-near future, and 3) to reset the final pretrial order and conference dates. The Court will not oblige the parties' requests to extend the discovery deadlines or the final pretrial order due date. However, given Plaintiff's counsel's bench trial set for August 29, 2013, the final pretrial conference scheduled on the same date is stricken and the parties are granted leave to schedule the final pretrial conference to occur at a mutually agreed upon date on or before September 30, 2013.

      This case is straightforward. Plaintiff filed this case on March 31, 2009, seeking relief pursuant to the Age Discrimination in Employment Act of 1967. Plaintiff alleges that the defendant discriminated against her based on her age when she was denied two promotions for Assistant Superintendent of the Water Division. At the initial pretrial conference on June 10,

2009, the Court approved the parties' joint proposed case management order setting a fact discovery cutoff of December 30, 2009 and dispositive motion due date of February 10, 2010. This Court acknowledges the reasonableness of the initial discovery deadlines given the relatively simple nature of the one-count, three-page complaint.

Following the Court's initial discovery deadline, the Court generously extended the deadlines for this matter thirteen times. The Court acknowledges that the last five extensions were granted in part because plaintiff substituted counsel over a year ago, on August 1, 2012.[1] However, both parties were warned by the Court on at least two prior occasions that discovery deadline extensions would be final and no other extensions would be granted.

For example, at the motion hearing on October 10, 2012, the Court addressed defendant's motion for extension of time to complete discovery. After informing counsel that there had been 10 previous motions for extension of discovery deadlines, the following exchange occurred:

> Court: I do have a '09 case. So if I tell you that you can have 12/6 to wrap this up, 1/21 for a dispositive motion due date, and if I bring you back on a December 5th date, and if I put final extension, both of you are telling me that that is going to work, right?
>
> Counsel for Defendant: Yes, your honor.
>
> Court: Mr. Hernandez?
>
> Counsel for Plaintiff: You want me to come back on 12/5, Judge?
>
> Court: I think so.
>
> Counsel for Plaintiff: Yes, Sir.

The Court's minute entry reflected that this was the final extension.

However, despite the Court's order setting firm deadlines, the parties did not complete discovery and did not file a motion to extend discovery deadlines. The Court again generously accommodated the parties by granting the eleventh extension on December 5, 2012 and the twelfth extension on February 1, 2013. At the status hearing on February 1, 2013, the day after fact discovery had closed, the following exchange occurred:

> Counsel for Defendant: Your honor, the Plaintiff's deposition was done. We are still in process of scheduling the defendants' depositions.

---

[1] For example, at the December 5, 2013 status hearing resetting the first "final extension", plaintiff's counsel requested more time, explaining "Judge, I'm relatively new to this case. Although we did conduct the plaintiff's deposition fairly recently, I need an opportunity to depose the individuals who were hired instead of my client as well as the decision-maker." And at the April 3, 2013 status hearing where the Court set the final fact discovery and dispositive motion cutoffs at issue in this Motion to Reconsider, counsel for plaintiff requested additional time for discovery, again pleading to the Court "Just remember, I wasn't the original attorney, Judge. I didn't sit on this case."

| | |
|---|---|
| Court: | So we need additional time? |
| Counsel for Plaintiff: | Yes, Judge. And I would respectfully request another 60 days. We should be done at that time. ***There is nobody left to depose***. |
| Court: | Agreed? |
| Counsel for Defendant: | No objection, your honor. |
| Court: | Counsels, I'll grant you until April 2, 2013 to complete fact discovery. And I want to bring you in on April 3, 2013… and if appropriate we'll either hold a settlement conference or set a dispositive motion due date. ***I will note that it's the final extension.*** |

Again, the Court's minute entry reflected that this was the final extension. Finally, the Court granted the thirteenth extension on April 3, 2013, setting the discovery deadline of May 30, 2013 and the dispositive motion deadline of July 1, 2013.

      This matter was transferred to this Court pursuant to Internal Operating Procedure 17 on May 3, 2013. The parties filed a joint status report on May 10, 2013 and appeared before this Court for a status hearing on May 14, 2013. In their joint status report, the parties unequivocally indicated that, "The parties expect to meet the fact discovery deadline and dispositive motion deadline." The report further set forth the existing discovery deadlines, including the fact discovery and dispositive motion cutoffs, indicated that there were no anticipated discovery disputes, and stated that the defendant anticipated filing a dispositive motion.

      Counsel for both parties appeared at the May 14, 2013 status hearing. Neither counsel reported that they needed extensions of the fact discovery and dispositive motion deadlines. Counsel requested a settlement conference and the Court directed the parties to exchange demands and offers.

      At the June 13, 2013 status hearing, the parties indicated that they still intended to proceed with a settlement conference, but that they had failed to exchange settlement demands and offers as ordered by the Court. The Court set the settlement conference for August 5, 2013 and directed the parties to comply with the Court's standing order on settlement conferences, which requires two sets of settlement letters, settlement proposals shared among the parties and confidential letters to the Court only that give concrete settlement figures. The parties again failed to discuss discovery deadlines (despite the fact discovery cutoff having passed two weeks prior). Defendant did not indicate that it needed additional time to prepare a dispositive motion.

      The parties again failed to timely provide the required letters to each other and the Court. When the parties finally provided their letters to the Court, it was abundantly clear that the parties lacked a sincere desire to settle the case through mediation. Neither party provided reasonable settlement demands. In fact, plaintiff demanded a larger settlement than she was entitled to (according to her counsel's calculations). And defendant refused to provide any counteroffer, instead completely disclaiming liability.

      Following receipt of the parties' letters, the Court struck the settlement conference date and explained that the case would be immediately proceeding to trial without further delay. The

Court stated in relevant part:

> This 2009 case must come to a resolution immediately. As the dispositive motion deadline has past (and will not be extended) and as settlement appears beyond improbable at this point, this case will be resolved by trial. As a result, the parties will need to prepare a full, complete and proper pretrial order pursuant to Judge Kapala's standing orders. The draft must include any motions in limine. This case is set for a pretrial conference before this Court on August 29, 2013, at 1:30 p.m. A copy of the draft final pretrial order must be submitted to the Court no later than 4:30 p.m. on August 27, 2013. No extensions will be allowed. If the August 29, 2013 date is unavailable for Counsel, they should immediately contact the Court's Operations Specialist to obtain an earlier date. At the pretrial conference on August 29, the Parties are to be fully prepared to discuss all aspects of the draft final pretrial order. Plaintiff's Counsel is reminded that pursuant to local rule he is to take the lead on drafting the document and must submit the document to Defendant's Counsel in sufficient time to provided appropriate input.

**DISCUSSION**

First, in the parties' Motion for Reconsideration, plaintiff seeks leave to depose an additional unnamed witness. Plaintiff asserts that "while preparing for settlement negotiations, Plaintiff determined an additional deposition was needed. Plaintiff will be unfairly prejudiced if she is not permitted to take one additional deposition." Fact discovery closed on May 30, 2013. Plaintiff did not explain to the Court the identity of this additional witness and why the plaintiff was delayed in discovering this witness.

Second, the defendant seeks to extend the dispositive motion deadline of July 1, 2013, which passed nearly six weeks before the parties filed their Motion. In support of this request, the parties assert that "[b]ased on past experience, it was the impression of the parties that the dispositive motion deadline would be reset in the event the settlement negotiations were not successful." Defendant further asserted that "the dispositive motion deadline was mistakenly not included on defense counsel's calendar. The Defendant will be unfairly prejudiced if the dispositive motion deadline is not reset."

Third, the parties seek to extend the deadline of August 27, 2013 for the final pretrial order and the date for the final pretrial conference set for August 29, 2013. In support of this extension, plaintiff's counsel indicates that he has a summary judgment response and an appellate brief due either on or after the final pretrial conference and a bench trial on August 29, 2013.

As explained by the court in *Dupage Forklift Serv., Inc. v. Mach. Distribution, Inc.*, motions for reconsideration serve a limited function:

> Motions for reconsideration generally serve a very narrow function and must be supported by a showing of extraordinary circumstances justifying relief from judgment. *Bally Export Corp. v. Balicar, Ltd.,* 804 F.2d 398, 4000 (7th Cir. 1986). The rulings of a district court are not to be viewed "as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy*

*Casting Co. v. Gulfco Industries, Inc.,* 123 F.R.D. 282, 288 (N.D.Ill 1988). Rather, motions for reconsideration are designed to correct manifest errors of law or fact or to present newly discovered evidence. *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.,* 762 F.2d 557, 561 (7th Cir. 1985). Accordingly, a motion for reconsideration is an "improper vehicle to introduce evidence previously available or to tender new legal theories." *Bally,* 804 F.2d at 404; *see also Quaker,* 123 F.R.D. at 288 (reconsideration of final rulings will not be granted to allow the losing party to rehash oral arguments or to present new legal arguments or facts which the party could have presented during the pendency of the underlying motion).

*Dupage Forklift Serv., Inc. v. Mach. Distribution, Inc.*, 94 C 7357, 1995 WL 623093, *1 (N.D. Ill. Oct. 20, 1995).

Regarding extending the fact discovery and dispositive motion deadlines, the parties have not provided the Court with any reasons justifying reconsideration of its previous ruling. The parties have not argued that they seek reconsideration to correct a manifest error of law or fact or based on newly discovered evidence. Summarily declaring that their respective clients would be "unfairly prejudiced" is not enough. For example, plaintiff's counsel has not explained to the Court why the one remaining witness was not timely deposed, particularly when plaintiff's counsel represented to the Court at the status hearing on February 1, 2013 that "[t]here is nobody left to depose." Was she newly discovered? What circumstances surrounded her discovery such that, *despite counsel's diligence*, she could not have been discovered before? Counsel gives no legitimate reason for failing to timely depose this witness.

Likewise, defense counsel has not explained to the Court what newly discovered evidence warrants an extension of the dispositive motion date. Failing to properly calendar a deadline is not sufficient justification for granting an extension, particularly when the defendant represented to the Court in its status report on May 10, 2013 that it would meet the dispositive motion deadline and failed to raise the issue with the Court on two subsequent statuses. *See Stevens v. Cont'l Mobile Tel. Co., Inc.*, 95 C 3841, 1996 WL 328021, *2 (N.D. Ill. June 11, 1996) ("Failure to docket a date correctly is a careless or negligent mistake that fails to demonstrate good cause.")

Moreover, the parties waited twelve days to file their motion to reconsider. Instead of immediately filing their motion after the Court's August 1, 2013 order, the parties wasted nearly *two more weeks*. The parties could have used that time to prepare the final pretrial order. The discovery schedule has already been extended *thirteen times* to accommodate the parties. Despite such charitable extensions, over four years of discovery on a relatively straightforward case, and multiple warnings that extensions would not be granted, the parties failed to act diligently to meet these deadlines. Accordingly, they will not be rewarded with a fourteenth extension.

Federal Rule of Civil Procedure 16(b)(3)(A) grants this Court the power to set discovery deadlines. Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The proper method to seek an extension of discovery deadlines is to *timely* file a 16(b)(4) motion with the Court. *See Zimmer Tech., Inc.*, 2007 WL 724833, at *3. When the deadline has expired, Rule 6(b)(1)(B) allows a court to consider a motion for an extension of time for "excusable neglect." Fed. R. Civ. P. 16(b)(1)(B)); *Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 464 (7th Cir. 2005) (affirming district

court's denial of motion for extension of discovery deadline filed one month after the deadline had passed).

Although the parties failed to file a motion to extend discovery deadlines, it would have been likewise denied had they done so. Because the fact discovery and dispositive motion dates set in the Court's scheduling order had passed, the parties were required to show excusable neglect, which they have failed to do. Plaintiff's counsel offers no explanation for his failure to depose the additional witness. Likewise, defense counsel's "mistakenly" failing to calendar the deadline is not sufficient to show excusable neglect. *Lapsley v. Fries*, 1:11-CV-99, 2012 WL 2721909, *3 (N.D. Ind. July 9, 2012) (no excusable neglect where counsel miscalandered discovery deadline, particularly in light of counsel's active participation in setting the deadline).

Additionally, the Court "has substantial discretion in managing discovery, including whether or not to modify the discovery schedule." *Rizza v. Underwriters*, 09 CV 687, 2011 WL 867492, *2 (N.D. Ill. Mar. 11, 2011) (denying motion to depose additional witness after fact discovery deadline had passed). The court in *Rizza* explained:

> "Throughout the range of the law, there are time limits imposed on litigants at every stage of the case: some are mandatory and admit of no deviations; others are more flexible. But in each instance, lawyers who do not pay heed to deadlines do so at substantial peril to their and their clients' interests. Even a day's delay can be fatal." *Finwall v. City of Chicago,* 239 F.R.D. 494, 496 (N.D. Ill. 2006). Deadlines both allow the court to effectively manage its docket, as well as prevent the opposing party from suffering any undue prejudice.

The Court reiterates that the parties filed this Motion to Reconsider on August 12, 2013, well after the fact discovery deadline of May 30, 2013 and the dispositive motion deadline of July 1, 2013 had passed. The parties are admonished that a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *See Zimmer Tech., Inc. v. Howmedica Osteonics Corp.*, No. 3:02-CV-425, 2007 WL 724833, at *3 (N.D. Ind. Feb. 26, 2007) *quoting Gestetner Corp. v. Case Equip. Co.,* 108 F.R.D. 138, 141 (D. Me. 1985).

Accordingly, all fact discovery remains closed and the dispositive motion date will not be extended. Parties are to prepare the final pretrial order consistent with the Court's ruling on August 1, 2013. The final pretrial order is due on or before August 27, 2013. No extensions will be granted. Given Plaintiff's counsel's bench trial set for August 29, 2013, the final pretrial conference scheduled on the same date is stricken. The parties are granted leave to schedule the final pretrial conference to occur at a mutually agreed upon date on or before September 30, 2013. The parties will contact the Court's operation specialist by August 23, 2013 to reschedule the final pretrial conference date.

Date: August 16, 2013 /s/ Iain D. Johnston